TONY W. WONG (State Bar No. 243324)
tony@wongandlaw.com
DAVID & RAYMOND I.P. LAW FIRM
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783

Attorneys for Plaintiff
SOUTH BAY TRADING INC.



FILED
CLERK, U.S. DISTRICT COURT

OCT 28 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV13-7944 RGK (Ex)

SOUTH BAY TRADING INC., a
California corporation,

　　　　　Plaintiff,

　　v.

CTS WHOLESALE LLC., an Oregon
limited liability company; KIRK
BACHELDER, an individual; and
unknown websites 1 - 50; and John Does 1
– 50, inclusive,

　　　　　Defendants.

**COMPLAINT FOR:**

1. **INFRINGEMENT OF REGISTERED TRADEMARKS;**

2. **TRADEMARK COUNTERFEITING;**

3. **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTION;**

4. **TRADEMARK DILUTION;**

5. **UNFAIR COMPETITION; AND**

6. **INJUNCTION**

**DEMAND FOR JURY TRIAL**

1

**COMPLAINT**

Plaintiff SOUTH BAY TRADING, INC. ("South Bay" or "Plaintiff"), by and through its undersigned attorneys hereby assert this Complaint against CTS WHOLESALE LLC, a limited liability company in the State of Oregon ("CTS"), and KIRK BACHELDER, an individual ("Mr. Bachelder") ("CTS," and "Mr. Bachelder" collectively referred herein to "Defendant" or "Defendants") and demanding a trial by jury, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the claims in this action that related to infringement of registered trademarks under 15 U.S.C. § 1117; trademark counterfeiting under 15 U.S.C. § 1114; infringement and false designations of origin and false description under 15 U.S.C. §§ 1114, 1125(a); trademark dilution under 15 U.S.C. § 1125(c), and infringement under 28 USC § 1338(a) (acts of Congress relating to trademarks).

2.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and the common law of the State of California pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3.      This Court has personal jurisdiction over Defendants because Plaintiff is informed and believes, and thereon alleges, that Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and infringing acts both within and outside the State of California causing injury in California.

4.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391

COMPLAINT

(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred here, and because the Defendants reside here by virtue of their having contacts sufficient to subject them to personal jurisdiction.

## THE PARTIES

5.      South Bay is a corporation duly organized under the laws of California having its principal place of business at 605 South Milliken Ave. Suite E, Ontario, California 91761.

6.      Plaintiff is informed and believes, and thereon alleges that CTS is a limited liability company organized under the laws of the State of Oregon, having its principal place of business at 3525 Brady Ct. N.E., Salem, Oregon

7.      Plaintiff is informed and believes, and thereon alleges, that Mr. Bachelder is an individual, being the sole member, owner, director, officer and agent for service of process of CTS with his principal business in the City of Salem, Oregon. A true and correct copy of the printout from the Secretary of State of Oregon's website is attached herewith as Exhibit "**A**."

8.      Plaintiff is informed and believes, and thereon alleges, that Defendants have been engaging in interstate and international on-line trading business selling a series of eyewear products at various websites including without limitation the following: http://www.wholesalediscountsunglasses.com/Wholesale-Fleur-de-Lis-Sunglasses.html. A true and correct copy of the printout from Defendants' website is attached herewith as Exhibit "**B**."

9.      Plaintiff is informed and believe, and based thereon alleges, Defendant Mr.

3

**COMPLAINT**

Bachelder is and at all relevant times herein mentioned were, the alter ego of Defendant CTS and there exists, and at all relevant times herein mentioned existed, a unity of interest in ownership among these Defendants such that any separateness among them has ceased to exist, and that Defendant Mr. Bachelder controlled, managed, and operated, had a proprietary interest in, and is the alter ego of Defendant CTS.

10.    The identities of John Does 1-50, and Unknown Websites 1-50 are not known, but upon information and belief may be associated with Defendants identified above. Plaintiffs will identify these Doe and Unknown Website defendants upon further knowledge and investigation. Plaintiff reserves its right to amend this Complaint to allege the true name and capacities of the Doe and Unknown Website defendants when ascertained. Each of these Doe and Unknown Website defendants is responsible in some manner for the conduct alleged in this Complaint, and Plaintiff's damages are actually and proximately caused by the conduct of such defendants.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### Background Facts Concerning Plaintiff's "Fleur-de-Lis" Trademark and Defendants' Wrongful Conduct

11.    At all material times herein Plaintiff South Bay has been and is engaged in producing, marketing, selling and distributing eyewear bearing a "Fleur-de-Lis" trademark in many countries, including but not limited to Japan, Korea, China, Canada, and the United States of America

12.    On September 13, 2011, South Bay successfully registered the trademark "Fleur-

4

COMPLAINT

de-Lis" in connection with eyewear with the United States Patent and Trademark Office (the "USPTO"). The registration number of the trademark in the USPTO is Reg. no. 4024525. South Bay is the sole owner of the trademark and is the sole authorized source of distribution of eyewear bearing the trademark. A copy of the registration is attached as Exhibit "**C**."

13.     The "Fleur-de-Lis" trademark identifies high quality eyewear associated with South Bay and has been a famous and recognizable brand in the market for eye wear in many countries.

14.     Defendants have engaged in the unauthorized sale of certain eyewear bearing a trademark or trade name "Fleur-de-Lis" which is an exact, counterfeited replica of Plaintiff's registered trademark. Defendants are known to have used the aforementioned website, to offer and make unauthorized sale of the counterfeited replica products. A correct copy of invoices issued by Defendants for selling counterfeited eyewear is attached herewith as Exhibit "**D**."

15.     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' business from selling counterfeit eyewear nationwide and worldwide, Defendants have made substantial sales and/or profits, and Plaintiff has been suffering damages and injuries there from.

16.     Plaintiff is informed and believes and thereon allege that unless restrained by this Court, Defendants will continue to infringe Plaintiff's trademark and commit acts of unfair competition so to endanger and degrade Plaintiff's intellectual property rights the (trademark and associated good will) in a manner that pecuniary compensation will not afford Plaintiff

COMPLAINT

adequate relief for the damage to said rights in the public perception.

## Background Facts Concerning Plaintiff's Love-Peace Trademark and Defendants' Wrongful Conduct

17.    At all material times herein South Bay has been and is engaged in producing, marketing, selling and distributing eyewear bearing a "Love-Peace" trademark in many countries, including but not limited to Japan, Korea, China, Canada, and the United States of America.

18.    On August 17, 2010, Plaintiff successfully registered the trademark "Love-Peace" in connection with eyewear with the United States Patent and Trademark Office (the "USPTO"). The registration numbers of the trademark in the USPTO is Reg. No 3870582. Plaintiff is the sole owner of the trademark and is the sole authorized source of distribution of eyewear bearing the trademark.  A copy of the registration is attached as Exhibit "E."

19.    The "Love-Peace" trademark identifies high quality eyewear associated with Plaintiff and has been a famous and recognizable brand in the market for eyewear in many countries.

20.    Defendants are engaging in the unauthorized sale of certain eyewear bearing the "Love-Peace" design, which is an exact, counterfeited replica of Plaintiff's registered trademark. A correct copy of invoices issued by Defendants for selling counterfeited eyewear is attached herewith as Exhibit "F."

21.    Plaintiff is informed and believes and thereon alleges that as a proximate result of

Defendants' business from selling counterfeit eyewear worldwide, Defendants have made substantial sales and/or profits, and Plaintiff has been suffering from damages and injuries there from.

22.     Plaintiff is informed and believes and thereon alleges that unless restrained by this Court, Defendants will continue to infringe Plaintiff's trademark and commit acts of unfair competition so to endanger and degrade Plaintiff's intellectual property rights (trademark and associated good will) in a manner that pecuniary compensation will not afford Plaintiff adequate relief for the damage to said rights in the public perception.

## FIRST CLAIM FOR RELIEF

### (Infringement of Registered Trademark No. 4024525 (Fleur-de-Lis) under 15 U.S.C. § 1117)

23.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

24.     The registered "Fleur-de-Lis" mark is distinctive of eyewear goods originating with Plaintiff. Through sales and advertising, the mark has become associated in the minds of consumers with the products of Plaintiff.

25.     Defendants' past use and continuing use of the registered mark is unauthorized.

26.     Defendants' use of the registered mark is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' infringing products and websites are affiliated, connected or associated with Plaintiff, or that they originate with, or are sponsored or approved by Plaintiff.

7

**COMPLAINT**

27.     Defendants' use of the Plaintiff's mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the mark, and in their impairment to serve as trademark, for which Plaintiff has no adequate legal remedy.  Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

28.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of the value of the trademark as an asset.

29.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by a diminution in value of the registered mark, and in its reputation and goodwill, in an amount to be proven at trial.

30.     Defendants' wrongful use of the registered mark was and continues to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  Plaintiff is therefore entitled to recover three (3) times the amount of actual damages, statutory damages and attorney's fees and costs incurred in this action, and Defendants' profits from the sale of infringing goods.

## SECOND CLAIM FOR RELIEF

**(Federal Trademark Counterfeiting of Trademark Reg. No 4024525 (Fleur-de-Lis) under 15 U.S.C. § 1114)**

31.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

32.     Defendants have used spurious designations that are identical with, or substantially

8

**COMPLAINT**

Indistinguishable from, Plaintiff's "Fleur-del-Lis" trademark for sales of their eyewear products.

33.   Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of eyewear products.

34.   Defendants' unauthorized use of the trademark as set forth above is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' eyewear products are the same as the Plaintiff's products; and (c) result in Defendants unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation that Plaintiff has built up and into the trademark, all to the substantial and irreparable injury of the public, and to the trademark and the substantial goodwill represented thereby.

35.   Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.   Defendants' acts are both willful and malicious.

37.   By reason of the foregoing, Defendants are liable to Plaintiff for (a) statutory damages in the amount of up to $1,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigation fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

//

//

9

**COMPLAINT**

## THIRD CLAIM FOR RELIEF

### (False Designations of Origin and False Description with respect to Trademark Registration No. 4024525 (Fleur-de-Lis) under 15 U.S.C. §§ 1114, 1125(a))

38.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

39.     The registered "Fleur-de-Lis" mark is distinctive of goods originating with Plaintiff. Further, through sales and advertising, the marks have become associated in the minds of consumers with the products of Plaintiff.

40.     Defendants' past use and continuing use of the registered mark is unauthorized.

41.     Defendants' use of the registered mark is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' eyewear products are affiliated, connected or associated with Plaintiff, or that they originate with, or is sponsored or approved by Plaintiff.

42.     Defendants' use of the registered mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the marks, and in their impairment to serve as trademarks, for which Plaintiff has no adequate legal remedy.  Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

43.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by a diminution in the value of the mark, and in the associated reputation and goodwill, in an amount to be proven at trial.

10

**COMPLAINT**

44. Defendants' wrongful use of the registered mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Therefore, Defendants are liable to Plaintiff for (a) an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigation fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution regarding Trademark Registration No. 4024525 (Fleur-de-Lis) under 15 U.S.C. § 1125(c))

45. Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

46. As a result of the unauthorized use of the "Fleur-de-Lis" mark by Defendants in connection with the infringing products and their websites, Defendants have intended to cause, have caused, and are likely to continue to cause dilution of the distinctive quality of those marks in violation of 15 U.S.C. § 1125(c).

47. The acts of Defendants are likely to tarnish or injure Plaintiff's business reputation and Defendants have willfully intended to trade upon Plaintiff's reputation.

48. Unless enjoined by this Court, Defendants' use of the mark will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the marks, and in their impairment to serve as designations of source, for which Plaintiff has no adequate legal remedy. Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

## COMPLAINT

49.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by, without limitation, a diminution in the value of the mark, and in its reputation and goodwill, in an amount to be proven at trial.

50.     Defendants' wrongful use of the mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Plaintiff is therefore entitled to recover three times the amount of actual damages, as well as attorney's fees and costs incurred in this action, and Defendants' profits from the sale of infringing goods.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition With Respect to Trademark Registration No. 4024525 (Fleur-de-Lis))

51.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

52.     Defendants' conduct constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous and injurious to consumers.

53.     The acts of unfair competition alleged herein were committed with oppression, fraud and malice. Specifically, Defendants intentionally used the "Fleur-de-Lis" mark with knowledge that Plaintiff's own the exclusive rights to such use.  Defendants' continuing use of the mark was unauthorized and caused consumer confusion, resulting in continuing injury to Plaintiff.

54.     Plaintiffs request the imposition of exemplary damages pursuant to California Civil Code § 3294.

12

COMPLAINT

## SIXTH CLAIM FOR RELIEF

**(Violation of California Business & Professions Code § 17200 et seq.) with respect to Trademark Registration No. 4024525 (Fleur-de-Lis)**

55.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

56.     Defendants' unauthorized use of the "Fleur–de-Lis" mark constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business & Professions Code § 17200.

57.     Defendants' wrongful conduct has caused and, if not enjoined, will continue to cause irreparable and continuing harm to Plaintiff, for which it has no adequate legal remedy.

## SEVENTH CLAIM FOR RELIEF

**(Infringement of Registered Trademark No. 3870582 ("Love-Peace") under 15 U.S.C. § 1117)**

58.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

59.     The registered "Love-Peace" mark is distinctive of eyewear goods originating with Plaintiff.  Through sales and advertising, the mark has become associated in the minds of consumers with the products of Plaintiff.

60.     Defendants' continuing use of the registered mark is unauthorized.

61.     Defendants' use of the registered mark is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' infringing products and websites are affiliated, connected or

13

**COMPLAINT**

associated with Plaintiff, or that they originate with, or are sponsored or approved by Plaintiff.

62.     Defendants' use of the Plaintiff's mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the mark, and in their impairment to serve as trademark, for which Plaintiff has no adequate legal remedy.  Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

63.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of the value of the trademark as an asset.

64.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by a diminution in value of the registered mark, and in its reputation and goodwill, in an amount to be proven at trial.

65.     Defendants' wrongful use of the registered mark was and continues to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  Plaintiff is therefore entitled to recover three (3) times the amount of actual damages, statutory damages and attorney's fees and costs incurred in this action, and Defendants' profits from the sale of infringing goods.

## EIGHTH CLAIM FOR RELIEF

**(Federal Trademark Counterfeiting of Trademark Reg. No. 3870582 ("Love-Peace")
under 15 U.S.C. § 1114)**

66.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

14

COMPLAINT

67.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's "Love-Peace" trademark for sales of their eyewear products.

68.     Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of eyewear products.

69.     Defendants' unauthorized use of the trademark as set forth above is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' eyewear products are the same as the Plaintiff's products; and (c) result in Defendants unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation that Plaintiff has built up and into the trademark, all to the substantial and irreparable injury of the public, and  to the trademark and the substantial goodwill represented thereby.

70.     Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

71.     Defendants' acts are both willful and malicious.

72.     By reason of the foregoing, Defendants are liable to Plaintiff for (a) statutory damages in the amount of up to $1,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigation fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

COMPLAINT

## NINTH CLAIM FOR RELIEF

**(False Designations of Origin and False Description with respect to Trademark Registration No. 3870582 ("Love-Peace") under 15 U.S.C. §§ 1114, 1125(a))**

73.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

74.     The registered "Love-Peace" mark is distinctive of goods originating with Plaintiff.  Further, through sales and advertising, the marks have become associated in the minds of consumers with the products of Plaintiff.

75.     Defendants' continuing use of the registered mark is unauthorized.

76.     Defendants' use of the registered mark is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' eyewear products are affiliated, connected or associated with Plaintiff, or that they originate with, or is sponsored or approved by Plaintiff.

77.     Defendants' use of the registered mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the marks, and in their impairment to serve as trademarks, for which Plaintiff has no adequate legal remedy.  Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

78.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by a diminution in the value of the mark, and in the associated reputation and goodwill, in an amount to be proven at trial.

16

**COMPLAINT**

79.     Defendants' wrongful use of the registered mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Therefore, Defendants are liable to Plaintiff for (a) an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigation fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## TENTH CLAIM FOR RELIEF

**(Trademark Dilution regarding Trademark Registration No 3870582 ("Love-Peace") under 15 U.S.C. § 1125(c))**

80.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

81.     As a result of the unauthorized use of the "Love-Peace" mark by Defendants in connection with the infringing products and their websites, Defendants have intended to cause, have caused, and are likely to continue to cause dilution of the distinctive quality of those marks in violation of 15 U.S.C. § 1125(c).

82.     The acts of Defendants are likely to tarnish or injure Plaintiff's business reputation and Defendants have willfully intended to trade upon Plaintiff's reputation.

83.     Unless enjoined by this Court, Defendants' use of the mark will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the marks, and in their impairment to serve as designations of source, for which Plaintiff has no adequate legal remedy.  Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

84.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by, without limitation, a diminution in the value of the mark, and in its reputation and goodwill, in an amount to be proven at trial.

85.     Defendants' wrongful use of the mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Plaintiff is therefore entitled to recover three times the amount of actual damages, as well as attorney's fees and costs incurred in this action, and Defendants' profits from the sale of infringing goods.

## ELEVENTH CLAIM FOR RELIEF

**(Common Law Unfair Competition With Respect to Trademark Registration No. 3870582 ("Love-Peace")**

86.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

87.     Defendants' conduct constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous and injurious to consumers.

88.     The acts of unfair competition alleged herein were committed with oppression, fraud and malice.  Specifically, Defendants intentionally used the "Love-Peace" mark with knowledge that Plaintiff's own the exclusive rights to such use.  Defendants' continuing use of the mark was unauthorized and caused consumer confusion, resulting in continuing injury to Plaintiff.

89.     Plaintiffs request the imposition of exemplary damages pursuant to California Civil Code § 3294.

18

**COMPLAINT**

## TWELVTH CLAIM FOR RELIEF

**(Violation of California Business & Professions Code § 17200 et seq.) with respect to Trademark Registration No. 3870582 ("Love-Peace")**

90.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

91.     Defendants' unauthorized use of the "Love-Peace" mark constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business & Professions Code § 17200.

92.     Defendants' wrongful conduct has caused and, if not enjoined, will continue to cause irreparable and continuing harm to Plaintiff, for which it has no adequate legal remedy.

## PRAYER FOR RELIEF

WHEREAS PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1.     On the First, through Fourth Claims and Seventh through Tenth Claims for Relief, treble the amount of damages sustained by Plaintiff or of profits secured by Defendants, whichever is greater, as a result of Defendants' unauthorized use of the registered mark, or statutory damages, as Plaintiff may elect;

2.     On the Second and Eighth Claims for Relief, statutory damages in the amount of up to $1,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits.

**COMPLAINT**

3.     On the First, through Fourth Claims and Seventh through Tenth Claims for Relief, an accounting by Defendants for any and all profits which Defendants have derived from their unauthorized use of Plaintiff's marks.

4.     On the Fifth and Eleventh Claims for Relief, compensatory damages in an amount to be established at trial;

5.     On the Fifth and Eleventh Claims for Relief, exemplary damages in an amount to be established at trial;

6.     On all Claims for Relief, a provisional, preliminary and permanent injunction, enjoining Defendants and their officers, directors, agents, and affiliates from using directly or indirectly the "Fleur-de-Lis" mark, the "Love-Peace" mark and any other mark or designation of origin that imitates, simulates or is confusingly similar to each; from doing directly or indirectly any acts or making any statements that are likely to cause confusion, mistake or deception in the marketplace as to the origin of products manufactured or distributed by Defendants, or those bearing the "Fleur-de-Lis" mark or the "Love-Peace" mark; from doing directly or indirectly any acts that likely to diminish the value of the mark or design; and from using directly or indirectly any trade practices including those complained of herein, that compete unfairly with or injure Plaintiff's business related to Plaintiff's marks;

7.     On all Claims for Relief, Plaintiff's cost in this action and reasonable attorney's fees and expenses, and such additional further relief as the Court deems just and proper.

COMPLAINT

Dated:  October 10, 2013                   David and Raymond
                                           Intellectual Property Law Firm


                                           By Tony W. Wong

                                           Attorneys for Plaintiff
                                           South Bay Trading Inc.


## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b) and Local Rule 38-1, Plaintiff  South Bay Trading, Inc.

hereby demands a trial by jury on all issues triable in this action.


Dated:  October 10, 2013                   David and Raymond
                                           Intellectual Property Law Firm


                                           By Tony W. Wong

                                           Attorneys for Plaintiff
                                           South Bay Trading Inc.

**COMPLAINT**

# EXHIBIT A

**OREGON SECRETARY OF STATE**
▶ **Corporation Division**

HOME

business information center    business name search    oregon business guide
referral list    business registry/renewal    forms/fees    notary public
uniform commercial code    uniform commercial code search    documents & data services

### Business Name Search

<u>New Search</u>    <u>Printer Friendly</u>    **Business Entity Data**    10-11-2013 15:34

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 299224-99 | DLLC | ACT | OREGON | 07-12-2005 | 07-12-2014 | |
| Entity Name | CTS WHOLESALE, LLC | | | | | |
| Foreign Name | | | | | | |

<u>New Search</u>    <u>Printer Friendly</u>    **Associated Names**

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | | |
|---|---|---|---|---|---|
| Addr 1 | 3525 BRADY CT NE | | | | |
| Addr 2 | | | | | |
| CSZ | SALEM | OR | 97303 | Country | UNITED STATES OF AMERICA |

*Please click <u>here</u> for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 02-10-2006 | Resign Date | |
|---|---|---|---|---|---|---|
| Name | KIRK | | BACHELDER | | | |
| Addr 1 | 3525 BRADY CT NE | | | | | |
| Addr 2 | | | | | | |
| CSZ | SALEM | OR | 97303 | Country | UNITED STATES OF AMERICA | |

| Type | MEM | MEMBER | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | KIRK | | BACHELDER | | | |
| Addr 1 | 3525 BRADY CT NE | | | | | |
| Addr 2 | | | | | | |
| CSZ | SALEM | OR | 97303 | Country | UNITED STATES OF AMERICA | |

<u>New Search</u>    <u>Printer Friendly</u>    **Name History**

| Business Entity Name | | | Start Date | End Date |
|---|---|---|---|---|

http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=1117150&p...    10/11/2013

|  | Name Type | Name Status |  |  |
|---|---|---|---|---|
| CTS WHOLESALE, LLC | EN | CUR | 02-24-2006 |  |
| CTS WHOLESALE, INC. | EN | PRE | 07-12-2005 | 02-24-2006 |

Please read before ordering Copies.

New Search    Printer Friendly    Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
|  | ANNUAL REPORT PAYMENT | 07-18-2013 |  | SYS |  |  |
|  | ANNUAL REPORT PAYMENT | 06-14-2012 |  | SYS |  |  |
|  | ANNUAL REPORT PAYMENT | 06-13-2011 |  | SYS |  |  |
|  | ANNUAL REPORT PAYMENT | 06-07-2010 |  | SYS |  |  |
|  | ANNUAL REPORT PAYMENT | 06-10-2009 |  | SYS |  |  |
|  | ANNUAL REPORT PAYMENT | 06-04-2008 |  | SYS |  |  |
|  | REINSTATEMENT AMENDED | 10-10-2007 |  | FI |  |  |
|  | ADMINISTRATIVE DISSOLUTION | 09-07-2007 |  | SYS |  |  |
|  | NOTICE LATE ANNUAL | 07-13-2007 |  | SYS |  |  |
|  | REINSTATEMENT AMENDED | 10-16-2006 |  | FI |  |  |
|  | ADMINISTRATIVE DISSOLUTION | 09-08-2006 |  | SYS |  |  |
|  | NOTICE LATE ANNUAL | 07-14-2006 |  | SYS |  |  |
|  | CHANGE OF REGISTERED AGENT/ADDRESS | 02-24-2006 |  | FI |  |  |
|  | ARTICLES OF CONVERSION | 02-24-2006 |  | FI | Name |  |
|  | CHANGE OF REGISTERED AGENT/ADDRESS | 02-10-2006 |  | FI | Agent |  |
|  | ARTICLES OF INCORPORATION | 07-12-2005 |  | FI | Agent |  |

For comments or suggestions regarding the operation of this site,
please contact : corporation.division@state.or.us



© 2013 Oregon Secretary of State. All Rights Reserved.

# EXHIBIT B



My Account | Sign In | New Account

Toll Free  1-(866)-251-7988
Local  (503)-488-5458

Sign up for Discounts

Enter email address

HOME    ABOUT US    CATALOG    INT'L ORDERS    SHIPPING    VOLUME DISCOUNT    30 DAY GUARANTEE    RETURNS    FAQ    CONTACT US

Search    


Questions?
Click here to Leave Message

0 item(s) / Total: 0.00 USD  View My Cart

  

Wholesale Sunglasses > **Fleur de Lis Sunglasses**


NEW ARRIVALS


TOP SELLERS

We carry the very popular Fleur de Lis style of sunglasses.  This symbol is recognized all over the world.  Celebrities everywhere are wearing them.  Some of our designs include **rhinestones** in them.  These are a very hot selling item.  With all of our fleur de lis styles priced in the mid $20 range then you will make a good profit.

• If these style catch your eye then you might like our **sunglasses with Flames** on them or our very popular **Inspired by Ed Hardy** styles.

## BROWSE BY CATEGORY

Accessories
Display Stands
Eyewear Retainers
Sunglass Cases
Sample Packs
Starter Packs
$8 / Dozen Sunglasses
Aviator Sunglasses
Buckle Styles
Camo Sunglasses
Cat Eye Sunglasses
Clear Lens Sunglasses
Clip Ons
Closeouts
DE Designer Eyewear
Diamond Eyewear
Fashion Sunglasses
Flames
Flashing Sunglasses
Fleur de Lis Sunglasses
Gemstone Sunglasses
Glass Lens
Goggles
Gster Sunglasses
Hologram Sunglasses
Kids Sunglasses
Metal Sunglasses
Mirrored Sunglasses
Novelty Sunglasses
Party Glasses
Plastic Sunglasses
Poker Sunglasses
Polarized Sunglasses
Reading Glasses
Revo Lens

### Fleur de Lis Sunglasses                                    Items 1-3 of 3 total

Items per page
| 25 ▼ |

Sort by
| Default ▼ |



See details >

Wholesale Discount Sunglasses 29115

1 Dozen Sunglasses In Assorted Colors.

Free Sunglass Display Box With Every Dozen Purchased!

**Our Wholesale Price: $24.00 USD**

Select Your Quantity


Add to Cart



See details >

Wholesale Discount Sunglasses 20617

1 Dozen Sunglasses In Assorted Colors.

Free Sunglass Display Box With Every Dozen Purchased!

**Our Wholesale Price: $26.00 USD**

Select Your Quantity


Add to Cart



See details >

Wholesale Discount Sunglasses 20518

1 Dozen Sunglasses In Assorted Colors.

Free Sunglass Display Box With Every Dozen Purchased!

**Our Wholesale Price: $28.00 USD**

Select Your Quantity

Add to Cart

Items per page                                    Sort by





Rhinestone Sunglasses
Safety Glasses
Shutter Shades
Sponge Cushion
Sports Sunglasses
Sunglasses Over Glasses
View All Sunglasses
Vintage Sunglasses
Wayfarer Sunglasses
Wholesale Caps
Wholesale Lighters
Xsportz Sunglasses
Replica Sunglasses

**INSPIRED BY**

Adidas
Anarchy
Armani
Click To View More

**TESTIMONIALS**

"After visiting many sunglass displays
websites I decided to order from your
company. I ordered one of your
rotating sunglass displays. I thought
it would take a long time to arrive but
you shipped it the same day I placed
the order and I received it the same
week. I already have some
sunglasses from other suppliers but
will be ordering from you in the near
future."
Mike D.
Jacksonville, Fl.

Home | Customer Service | About Us | Site Map | Products Map | Catalog | Blog | Related Info | Sunglasses Resources | Banners

Copyright © 2005-2012
Wholesale Discount
Sunglasses
All Rights Reserved.

**Toll Free:** 1-(866)-251-7988
**Local:** (503)-488-5458 8am-4pm (PST USA)









EXHIBIT C



### United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Fri Oct 25 03:10:34 EDT 2013

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Eyewear. FIRST USE: 20090616. FIRST USE IN COMMERCE: 20090616 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 05.05.03 - Fleur-de-lis |
| **Serial Number** | 77969030 |
| **Filing Date** | March 25, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 28, 2011 |
| **Registration Number** | **4024525** |
| **Registration Date** | September 13, 2011 |
| **Owner** | (REGISTRANT) South Bay Trading, Inc. CORPORATION CALIFORNIA 605 South Milliken Ave. Suite E Ontario CALIFORNIA 91761 |
| **Attorney of Record** | Alphan K. Tsoi |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a stylized Fleur-de-lis design. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT D



CTS Wholesale LLC.
3525 Brady Ct. N.E.
Salem, OR 97301
(503) 364-3486

# Sales Receipt

| Date | Sale No. |
|------|----------|
| 12/26/2012 | BC89768 |

| Sold To |
|---------|
| MICAL QUINONES
15461 MEMPHIS DR
FONTANA, CA 92336 |

| Ship To |
|---------|
| MICAL QUINONES
15461 MEMPHIS DR
FONTANA, CA 92336 |

| Customer Phone |
|----------------|
| 3233316891 |

| Payment Method | Sales Rep | Ship Date | Ship Via |
|----------------|-----------|-----------|----------|
|  |  | 12/26/2012 | UPS Ground |

| Item | Qty | Description | Rate | Amount |
|------|-----|-------------|------|--------|
| 20818 | 1 | Fashion Sunglasses with Fleur de Lis 20818 (12 pcs.) (Assorted Colors) | 28.00 | 28.00 |
| 28614 | 1 | Fashion Sunglasses with Fleur de Lis 28614 (12 pcs.) (Assorted Colors) | 23.00 | 23.00 |
| 20717 | 1 | Fleur de Lis Fashion Sunglasses 20717 (12 pcs.) (Assorted Colors) | 25.00 | 25.00 |
| DI131 | 1 | Diamond Eyewear DI131 (12 pcs.) Fleur De Lis Fashion Sunglasses (Assorted Colors) | 32.00 | 32.00 |
|  |  |  |  | 108.00 |
| Shipping | | UPS Ground (1-3 business days) | 12.99 | 12.99 |
| Shipment Detail | 1 | Trk Num: 1Z4R9R950345359573, 6.4 lbs.   Filled, Checked - SY, CG - Shipping Clerk - ES | 0.00 | 0.00 |

| | Total | $120.99 |
|--|-------|---------|

Thank You for your order!

| Phone: | Fax: | E-mail: | Web Site: |
|--------|------|---------|-----------|
| 503-364-3486 | 503-589-4121 | info@CTSwholesaleSunglasses.com | www.CTSwholesaleSunglasses.com |

# EXHIBIT E



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Oct 25 03:10:34 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | ( Use the "Back" button of the Internet Browser to return to TESS)



| | |
|---|---|
| **Word Mark** | LOVE |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Eyewear. FIRST USE: 20090616. FIRST USE IN COMMERCE: 20090616 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.17.20 - Peace symbol |
| **Trademark Search Facility Classification Code** | NOTATION-SYMBOLS Notation Symbols such as Non-Latin characters,punctuation and mathematical signs,zodiac signs,prescription marks<br>SHAPES-CIRCLE Circle figures or designs including semi-circles and incomplete circles |
| **Serial Number** | 85002532 |
| **Filing Date** | March 30, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 17, 2010 |
| **Registration Number** | 3870582 |
| **Registration Date** | November 2, 2010 |
| **Owner** | (REGISTRANT) South Bay Trading Inc. CORPORATION CALIFORNIA 605 South Milliken Ave., Suite E Ontario CALIFORNIA 91761 |
| **Attorney of Record** | Alphan K. Tsoi |

| | |
|---|---|
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a word "LOVE" and a peace symbol on the word. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____R. Gary Klausner_____ and the assigned Magistrate Judge is _____Charles F. Eick_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV7944 RGK Ex

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.


Clerk, U. S. District Court


_____October 28, 2013_____
Date

By  J.Prado
Deputy Clerk

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
    312 N. Spring Street, G-8
    Los Angeles, CA 90012

[ ] Southern Division
    411 West Fourth St., Ste 1053
    Santa Ana, CA 92701

[ ] Eastern Division
    3470 Twelfth Street, Room 134
    Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

Name & Address:
Tony W. Wong (CA Bar No. 243324)
DAVID & RAYMONG I.P. LAW FIRM
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SOUTH BAY TRADING INC., a California corporation

PLAINTIFF(S)

v.

CTS WHOLESALE LLC, an Oregon limited liability company; KIRK BACHELDER, an individual; and unknown websites 1 - 50; and John Does 1 - 50, *Inclusive,*

DEFENDANT(S).

CASE NUMBER

CV13-7944 PGK (Ex)

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Tony W. Wong_____, whose address is _388 East Valley Blvd., Suite 223, Alhambra, California 91801_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

OCT 2 8 2013

Dated: _____

Clerk, U.S. District Court

By: _____
JULIE PRADO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SOUTH BAY TRADING INC., a California Corporation | CTS WHOLESALE LLC, an Oregon limited liability company; KIRK BACHELDER, an individual; and unknown websites 1 - 50; and John Does 1-50, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David & Raymond I.P. Law Firm<br>388 East Valley Blvd., Suite 223, Alhambra, CA 91801<br>(626) 447-7788 | Tony W. Wong (CA Bar No. 243324) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** Amount to be established at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC Sec. 1117, infringement of trademark; 15 USC Sec. 1114, counterfeiting of trademark; 15 USC Sec. 1114, 1125(a), false designation of origin; 15 USC Sec. 1125c

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV13 7944

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact, or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Oregon |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date October 10, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |